# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| KEITH ELLER, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>GARY COMMUNITY SCHOOL CORP., *et al.*, )<br>    Defendants. ) | CAUSE NO.: 2:08-CV-307-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss [DE 57], filed by Defendants Gary Community School Corporation ("School Corporation"); the Board of Trustees of the Gary Community School Corporation ("School Board"); and Jesse Morris, Deborah Crawford, Alex Wheeler, Jr., Darren Washington, Andrea Ledbetter, Michael Scott, and Nellie Moore, each individually and in his or her official capacity (collectively the "Trustees") on June 25, 2010. Plaintiff Keith Eller filed a response on July 12, 2010. Defendants have not filed a reply, and the time to do so has passed. For the reasons set forth in this Order, the Court grants in part and denies in part the Motion to Dismiss.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed his initial Complaint on December 31, 2008, and an Amended Complaint on January 11, 2010. In the Amended Complaint, Plaintiff alleges that he was demoted and "lost salary" without a pre- or post-deprivation hearing in violation of his federal constitutional rights of due process, equal protection, and freedom of speech. Plaintiff further alleges that the decision of the School Board to demote him was not conducted in an open, public forum in violation of Indiana law.

For the purposes of this Motion to Dismiss, the Court takes as true the following facts alleged in Plaintiff's Amended Complaint. Plaintiff was a fourteen-year employee of the Gary Police

Department. Plaintiff began his employment with the School Corporation in 1994 as a roving patrol officer, and, at all times relevant to this Complaint, Plaintiff was a full-time employee of the School Corporation. He was promoted to the position of Field Lead Security Officer for the day shift in 1999. In 2006, Plaintiff was promoted to Acting Coordinator of Security Services. In that position, the School Corporation provided him with a car, he supervised other employees, and he worked the entire calendar year with paid vacation, benefits, incentive pay, and overtime. This promotion was voted on and approved by the School Board.

In September 2007, Defendant Trustee Deborah Crawford called Plaintiff to ask him to hire her son as a security guard for the School Corporation and to consider her daughter-in-law for a full-time roving patrol position. At a public meeting of the Personnel/Labor Relations Committee of the School Board in October 2007, Crawford asked Plaintiff why he had not hired her son. Plaintiff advised Crawford and the School Board that he could not hire Crawford's son because he did not have the requisite qualifications for the position.

In paragraph 11, Plaintiff alleges that, at a public meeting of the School Board on January 21, 2008, the Trustees "voted to remove him from his position as acting Coordinator of Security Services and demoted him to a lower level position as a security officer." Am. Compl., p. 4. Plaintiff appears to contradict this allegation in paragraph 14, in which he alleges that the "demotion of Plaintiff from Acting Coordinator of Security to security officer . . . was [not] voted on by the Board of Trustees of the Gary Community School Corporation." *Id.* Plaintiff was also demoted from his regular position as Field Lead Security Officer for day shift, and Plaintiff alleges that this demotion was not voted on by the Trustees.

At the time the vote was taken, neither the demotion from Acting Coordinator of Security to security officer or the demotion from Field Lead Security Officer for day shift to security officer

2

was on the agenda of any meeting of the School Corporation or the School Board nor was either action taken at the recommendation of the Superintendent of Schools.

The School Board did not afford Plaintiff a pre-deprivation hearing before demoting him from either position. The School Board also did not afford Plaintiff with a name-clearing post-deprivation hearing after the demotions.

As a result of the demotion to the position of security officer, Plaintiff no longer supervises other employees, his wages have been significantly reduced, his work hours have been reduced, he is subject to being laid off over the summer, he has lost the use of the School Corporation car, and he is being supervised by employees he once supervised.

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## ANALYSIS

In the Amended Complaint, Plaintiff's First Claim alleges that he has an entitlement to the positions from which he was demoted, creating a property and liberty interest in those positions protected by the due process and equal protection guarantees of the Fifth and Fourteenth Amendments to the United States Constitution, and that he was denied due process of law when he was not provided with a pre- or post-deprivation hearing related to the demotion from those positions. Plaintiff's Second Claim asserts a deprivation of his right to free speech in violation of the guarantees of the First, Fifth, and Fourteenth Amendments when he was denied the opportunity to be heard in either a pre- or post-deprivation hearing. He also alleges that his First Amendment rights were violated when he was demoted for refusing to hire Defendant Trustee Crawford's son and daughter-in-law. Finally, the Third Claim alleges pendant state law claims under Indiana Code

3

§ 5-14-1.5-6.1(c) for not making the adverse employment action at an open meeting and Indiana Code § 20-25-3-12(2)(h) for demoting him without a hearing.

Defendants move for dismissal of Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3). The Court considers each ground of dismissal in turn.

### A. Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides that a party may assert the defense of lack of subject matter jurisdiction by motion. On such a motion, the Court "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in plaintiff's favor." *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008) (citations omitted). In this case, the Court has federal question jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's cause of action brought pursuant to 42 U.S.C. § 1983 to redress deprivations of federal constitutional rights committed under the color of state law. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a)[1] because all of Plaintiff's state law claims arise out of the same facts giving rise to his federal claims. Therefore, any request for dismissal pursuant to Rule 12(b)(1) is denied. Defendants also seek dismissal under Federal Rule of Civil Procedure 12(h)(3), which provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court is cognizant of the Rule and finds at this time that subject matter jurisdiction is proper in this Court.

---

[1] "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

### B. Failure to State a Claim

Defendants also seek dismissal of certain of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), which tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 129 S. Ct. at 1949-50; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on judicial experience and common sense. *Iqbal*, 129 S. Ct. at 1950.

*1. Federal Claims*

a. Claims against the individual Trustees

As an initial matter, Defendants seek dismissal of the Amended Complaint against all of the named School Board Trustees in their official capacities, arguing that the proper defendant is the School Corporation. Plaintiff offers no response to this argument. Actions for constitutional violations against individual defendants in their official capacities are treated as suits against the government entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Because the federal § 1983 claims against the Trustees in their official capacities are redundant with the claims against the School Corporation, the Court dismisses the federal claims against Defendants Morris, Crawford, Wheeler, Washington, Ledbetter, Scott, and Moore in their official capacities. *See Schmidling v. City of Chi.*, 1 F.3d 494, 495 n. 1 (7th Cir. 1993).

Although Defendants seek dismissal of the state law claims against the Trustees in their individual capacities, they do not offer a basis for dismissal of the federal § 1983 claims against the Trustees in their individual capacities. For individual liability to attach under § 1983, a defendant must have been personally involved in the alleged constitutional deprivation. *Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). In the Amended Complaint, Plaintiff alleges that the individual Trustees of the School Board deprived him of his property interest in his positions of Acting Coordinator of Security and Field Lead Security Officer for day shift by their involvement in the vote on January 21, 2008, to remove him from his position as Acting Coordinator of Security Services and then by demoting him from his regular position of Field Lead Security Officer for day shift when he was returned to the position of security officer. Thus, Plaintiff has sufficiently alleged the personal

involvement of the Trustees to withstand the motion to dismiss the § 1983 claims against them in their individual capacities.

b. § 1983 Claims

Plaintiff has alleged numerous claims under 42 U.S.C. § 1983 for violations of his rights to free speech, due process, and equal protection under the First, Fourth, and Fourteenth Amendments to the United States Constitution. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Defendants first argue that Plaintiff's § 1983 claims articulated in the First and Second Claims of the Amended Complaint must be dismissed because Plaintiff does not allege that anyone was acting under the color of state law when Plaintiff was allegedly deprived of his constitutional rights. However, Plaintiff alleges in paragraph 5 of the Amended Complaint that the School Corporation is organized under the laws of the State of Indiana and in paragraph 20 that the School Corporation and the School Board, individually and collectively, "under color of law, approved or ratified the illegal deprivation of Plaintiff's property interest." In Indiana, the "policy of the state is to grant to each school corporation all the powers needed for the effective operation of the school corporation." Ind. Code § 20-26-3-1. The law further identifies a "board of school trustees" as a "governing body" "charged by law with the responsibility of administering the affairs of the school

7

corporation." *Id*. at § 20-26-2-2.  Thus, the motion for dismissal of the § 1983 claims on this basis is denied.

Next, Defendants seek dismissal of Plaintiff's § 1983 Fourteenth Amendment due process claim for a deprivation of a protected property interest, arguing that Plaintiff did not have an entitlement to his former positions of Acting Coordinator of Security Services or Field Lead Security Officer.  To survive dismissal of this due process claim, Plaintiff must allege that he has a constitutionally protected property in his employment with the School Corporation and that he was demoted without due process of law.  *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 360 (7th Cir. 2005).  Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."  *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).  However, the plaintiff must have a "legitimate claim of entitlement to it rather than merely a unilateral expectation of some benefit."  *Amendola v. Schliewe*, 732 F.2d 79, 83 (7th Cir. 1984) (citing *Roth*, 408 U.S. at 577).  A property right may arise by contract, statute, or an "unwritten common law" of employment.  *See Moulton v. Vigo Cnty.*, 150 F.3d 801, 804 (7th Cir. 1998) (quoting *Lawshe v. Simpson*, 16 F.3d 1475, 1480 (7th Cir. 1994)).  Because Plaintiff was employed in Indiana, the Court looks to Indiana law to determine whether he had a property interest in his former positions as Acting Coordinator of Security Services and Field Lead Security Officer.  *See id*. at 804.

Defendants argue that Plaintiff did not have an entitlement to either position because he is an at-will employee under Indiana law, serving at the will of the School Board.  Indiana law gives the governing body of a school corporation the power to establish a school corporation police department, to appoint school corporation police officers, to prescribe the duties and direct the

conduct of school corporation police officers, and to provide emergency vehicles. *See* Ind. Code §§ 20-26-16-2, 20-26-16-3. In addition, Indiana law provides that a school corporation police officer "serves at the governing body's pleasure." *Id.* at § 20-26-16-6(a)(3). Thus, under the statute, Plaintiff was an at-will employee. *See Moriarity v. Superior Ct. of Marion Cnty.*, No. 1:06-CV-1413, 2007 WL 1106135, at * 2-3 (S.D. Ind. Apr. 11, 2007) (finding probation officers to be at-will employees based on statutory language that they "serve at the pleasure of the appointing court") (citing *Moulton*, 150 F.3d at 804-05). Despite this statute, Plaintiff could still establish a property interest in his employment from other state law sources, such as rules or regulations adopted by the School Board. *See Montgomery v. Stefaniak*, 410 F.3d 933, 939 (7th Cir. 2005) (citing *Moulton*, 150 F.3d at 805); *see also Moriarity*, 2007 WL 1106135, at *2 (same).

In his Amended Complaint, Plaintiff's only assertion of a property interest is the bare allegation in paragraph 1 of the First Claim that he "has an entitlement to the position from which he was demoted creating a property and liberty interest in his position." Am. Compl., p. 5. In response to the Motion to Dismiss, Plaintiff argues that he "did have an entitlement to his position as Acting Security Chief," Pl. Resp., p. 4. He also argues that he was removed from both of his positions with the School Corporation "in violation of Defendants' official policy" when he was demoted without the proper public readings and public vote by a majority of the School Board. *Id*. At most, it appears that Plaintiff is arguing that the School Board policy entitled him to certain procedures prior to his termination. However, the Seventh Circuit has held that "[t]he mere fact that an employee is entitled to a hearing before he is terminated . . . does not establish that he has a property right in his job." *Montgomery*, 410 F.3d at 939 (quoting *Moulton*, 150 F.3d at 805) (alterations omitted). Thus, Plaintiff has offered no allegations in his Amended Complaint to state a plausible claim for a property interest in his positions as Acting Coordinator of Security Services

9

or Field Lead Security Officer for day shift sufficient to survive the motion to dismiss. The Court dismisses Plaintiff's § 1983 procedural due process claim based on a property interest brought in the First Claim.

In addition to his due process claim based on a property interest, Plaintiff's First Claim also alleges an equal protection claim and a deprivation of his due process rights based on a liberty interest. Defendant has not moved to dismiss either of these claims. Similarly, Defendants do not seek dismissal of the Second Claim, which alleges violations of Plaintiff's First Amendment right to free speech. Thus, these § 1983 claims remain pending.

Finally, any claims brought under the Fifth Amendment fail because Plaintiff has not alleged any involvement of the federal government.

*2. State Law Claims*

As an initial matter, Defendants argue for dismissal of the state law claims brought against the Trustees in their individual capacities, citing section 34-13-3-5(c) of the Indiana Tort Claims Act ("ITCA"), which provides that "[a] lawsuit filed against an employee personally must allege that an act or omission of the employee that causes a loss is (1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally. The complaint must contain a reasonable factual basis supporting the allegations." Subsection (a) also provides that

> Civil actions relating to acts taken by a board . . . of a governmental entity may be brought only against the board . . . . A member of a board . . . of a governmental entity may not be named as a party in a civil suit that concerns the acts taken by a board . . . of a governmental entity where the member was acting within the scope of the member's employment. For the purposes of this subsection, a member of a board . . . of a governmental entity is acting within the scope of the member's employment when the member acts as a member of the board.

10

Ind. Code § 34-13-3-5(a). "The purpose of the ITCA is to 'ensure that public employees can exercise their independent judgment necessary to carry out their duties without threat of harassment by litigation or threats of litigation over the scope of their employment.'" *Smith v. Ind. Dep't of Corr.*, 871 N.E.2d 975, 986 (Ind. Ct. App. 2007) (quoting *Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 452 (Ind. 2000)). "When the employee's conduct is 'of the same general nature as that authorized, or incidental to the conduct authorized,' it is 'within the scope of employment.'" *Id.* (same).

In his response brief, Plaintiff references paragraph 10 of the Amended Complaint, which alleges that Plaintiff advised Crawford that he could not hire her son for lack of the requisite qualifications, and argues that the reasonable inference drawn therefrom is that the Trustees acted to "remove Plaintiff[] from his position as Acting Security Chief for non-job related irrational grounds, with the personal motives of Defendant Deborah Crawford." Pl. Br., p. 5. However, the Trustees voted to remove Plaintiff from his former position as Acting Coordinator of Security Services at a public meeting on January 21, 2008, an act that was within the scope of their normal duties as Trustees of the School Board to appoint school corporation police officers. Moreover, Plaintiff has not alleged any reasonable factual basis to support a claim against the Trustees personally. Accordingly, the Court dismisses all state law claims against the Trustees in their individual capacities.

Even if the individual Trustees were proper defendants on the state law claims, the Court finds that Plaintiff has failed to state a claim for a violation of Indiana law as to all Defendants. Defendants first seek dismissal of any state law tort claims, arguing that Plaintiff has failed to serve a notice as required by the Indiana Tort Claims Act ("ITCA"). *See* Ind. Code § 34-13-3-8. Noticeably, Plaintiff's Amended Complaint does not allege any state law tort claim. Plaintiff

11

appears to confirm the absence of any state law tort claim, as Plaintiff's only argument is that the ITCA is preempted with respect to federal civil rights claims. Plaintiff does not argue that he has alleged an Indiana state law tort claim or that he has complied with the ITCA. Therefore, to the extent Plaintiff alleges any state law tort claims, they are dismissed as to all Defendants.

Second, Defendants move for dismissal of both state law claims contained within Plaintiff's Third Claim. Plaintiff's first state law claim in his Third Claim, brought under Indiana's Open Door Law, alleges that "Defendant's action in demoting Plaintiff was a final action that, under Indiana Code § 5-14-1.5-6.1(c), must be taken at a meeting open to the public." Am. Compl., p. 6. Defendants argue that the claim must be dismissed because Plaintiff was not a "public official" covered under the section such that the Board was not required to have public meetings to discuss his promotion or demotion. Plaintiff offers no response. Section 5-14-1.5-6.1 is entitled "Executive Sessions," and, although it enumerates certain actions that are appropriate for an executive session, such as "considering the appointment of a public official," only a "final action must be taken at a meeting open to the public." Ind. Code § 5-14-1.5-6.1(b)(1), (c). A "final action" is a vote by the governing body on any motion, proposal, resolution, rule, regulation, ordinance, or order. Ind. Code § 5-14-1.5-2. Moreover, Indiana courts have held that "decisions made regarding an individual's employment are appropriate activities for an executive session." *Guzik v. Town of St. John*, 875 N.E.2d 258, 271 (Ind. Ct. App. 2007) (citing *Baker v. Town of Middlebury*, 753 N.E.2d 67, 71 (Ind. Ct. App. 2001)). Thus, the first state law claim in the Third Claim is dismissed.

Plaintiff's second state law claim in the Third Claim alleges that "Defendant's action in demoting Plaintiff without providing him a hearing was a violation of Indiana Code § 20-25-3-12(2)(h)." Am. Compl., p. 6. Defendants correctly assert that Article 25 applies to Indianapolis

Public Schools and, thus, is inapplicable in this case. The second state law claim in the Third Claim is dismissed.

## CONCLUSION

Based on the foregoing, the Court **GRANTS in part** and **DENIES in part** the Motion to Dismiss [DE 57]. The Court **ORDERS** that (1) all the federal claims against Defendants Jesse Morris, Deborah Crawford, Alex Wheeler, Jr., Darren Washington, Andrea Ledbetter, Michael Scott, and Nellie Moore in their official capacities only are **DISMISSED** but the surviving federal claims brought against them in their individual capacities **REMAIN PENDING**; (2) the claim of a deprivation of a property interest in violation of the due process clause of the Fourteenth Amendment in the First Claim is **DISMISSED**; (3) any claims in the First and Second Claim brought under the Fifth Amendment are **DISMISSED**; (4) the federal § 1983 claims for deprivation of a liberty interest in violation of due process guarantees and an equal protection violation in the First Claim and the free speech claims in the Second Claim **REMAIN PENDING**; and (5) all Indiana state law claims against all Defendants are **DISMISSED**.

SO ORDERED this 14th day of September, 2010.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record