**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| KEITH ELLER, )<br>      Plaintiff, )<br> )<br>      v. )<br> )<br>GARY COMMUNITY SCHOOL )<br>CORPORATION, et al., )<br>      Defendants. ) | CAUSE NO.: 2:08-CV-307-PRC |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Amend Amended Complaint [DE 78], Plaintiff's Corrected Motion to Amend Amended Complaint [DE 79], and Plaintiff's 2nd Corrected Motion to Amend Amended Complaint [DE 80], all filed by Plaintiff on March 11, 2011. Defendants have not filed a response, and the time to do so has passed.

**PROCEDURAL HISTORY**

On December 31, 2008, Plaintiff filed his initial Complaint against the Gary Community School Corporation, the Board of Trustees of the Gary Community School Corporation, Jesse Morris, individually and in his official capacity, Deborah Crawford, individually and in her official capacity, Alex Wheeler, Jr., individually and in his official capacity, Darren Washington, individually and in his official capacity, Andrea Ledbetter, individually and in her official capacity, Michael Scott, individually and in his official capacity, and Nellie Moore, individually and in her official capacity, alleging that he was demoted and "lost salary" without a pre- or post-deprivation hearing in violation of his federal constitutional rights of due process, equal protection, and freedom of speech and that the decision of the School Board to demote him was not conducted in an open, public forum in violation of Indiana law.

On March 12, 2009, the Court set a deadline of July 1, 2009, to file motions to amend pleadings.

On December 4, 2009, Plaintiff filed a motion to amend complaint, offering an explanation for the amendment and an explanation for the date of its filing. The Court granted the motion on January 4, 2010, and on January 11, 2010, Plaintiff filed an Amended Complaint against the same Defendants, adding certain facts central to the action that were missing from the original Complaint.

On June 25, 2010, Defendants filed a Motion to Dismiss, and, on September 14, 2010, the Court granted in part and denied in part the Motion to Dismiss, dismissing all federal claims against the individual Defendants in their official capacities only but allowing the surviving federal claims brought against them in their individual capacities to remain pending, dismissing the claim of deprivation of a property interest in violation of the due process clause of the Fourteenth Amendment in the First Claim, dismissing any claims in the First and Second Claim brought under the Fifth Amendment, dismissing all Indiana state law claims against all Defendants, and allowing to remain pending the federal § 1983 claims for deprivation of a liberty interest in violation of due process guarantees and an equal protection violation in the First Claim and the free speech claims in the Second Claim.

On October 7, 2010, the Court held a scheduling hearing and new deadlines were set, including a discovery deadline of January 31, 2011, and a deadline of March 10, 2011, for the filing of dispositive motions; however, the parties did not request a new deadline to file motions to amend pleadings.

On March 10, 2011, Plaintiff filed the instant Motion to Amend Complaint.

**ANALYSIS**

In a one-paragraph motion with no analysis or explanation, no accompanying memorandum, and no attached proposed second amended complaint, as required by Local Rule 15.1, Plaintiff asks the Court to allow him to "amend the Plaintiff's amended complaint by interliniation to add that the individual Defendants are liable under 42 U.S.C/ Sects 1985 and 1986 for conspiring to violate or being in [sic] position to prevent the violation of, Plaintiff's civil rights, but failing to do so."

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings and provides, in part:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Here, because the time for Plaintiff to amend his pleading as a matter of course has long expired, Plaintiff seeks leave of Court. The United States Supreme Court explained the term "freely give" as follows:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rules require be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

Plaintiff's proposed amendment would add a new conspiracy claim under 42 U.S.C. § 1985 and a claim for a knowing failure to prevent a conspiracy. The Court finds that Plaintiff's motion is untimely. Over a year has passed since the Second Amended Complaint was filed, almost six months have passed since the Court ruled on Defendants' motion to dismiss, and over five months have passed since Defendants filed an Answer to the Second Amended Complaint. The discovery deadline closed on January 31, 2011. This motion was not filed until the deadline for filing dispositive motions. Delay itself is not a sufficient grounds to deny a motion to amend. *See Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (citing *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792-93 (7th Cir. 2004); *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992)). But it is a factor to consider, and "the longer the delay, the greater the presumption against granting leave to amend." *Id*. (citations and quotation markss omitted). "Delay must be coupled with some other reason" to deny a motion for leave to amend. *Dubicz*, 377 F.3d at 793. "Eleventh hour additions . . .[are] bound to produce delays that burden not only the parties to the litigation but also the judicial system and other litigants." *Soltys*, 520 F.3d at 743 (citations and quotation marks omitted).

In this case, Plaintiff offers no explanation for his delayed request to amend. Over two months after the close of discovery and on the deadline for filing dispositive motions, Defendants would be unduly prejudiced by the late amendment, potentially requiring them to conduct additional discovery and to develop a new legal strategy and necessitating additional time, expense, and effort. "Undue prejudice occurs when the amendment brings in entirely new and separate claims . . . . Or at least entails more than an alternative claim or a change in the allegations in the complaint and when the additional discovery is expensive and time-consuming." *Jacobs v. Xerox Corp. Long Term Disability Plan*, 520 F. Supp. 2d 1022, 1046 (N.D. Ill. 2007) (quoting *In re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D. Ill. 1999). Notably, on March 10, 2011, the dispositive motion deadline,

4

Defendants filed a Motion for Summary Judgment on the Second Amended Complaint, which is currently being briefed. Thus, the addition of a new claim in this case would require the reopening of both the discovery deadline and the dispositive motion deadline. As a result of the undue prejudice combined with the unexplained delay in filing this motion, Plaintiff's request to amend is denied.

## CONCLUSION

Having reviewed the Motion, the Court **DENIES** Plaintiff's 2nd Corrected Motion to Amend Amended Complaint [DE 80] and **DENIES as moot** Plaintiff's Motion to Amend Amended Complaint [DE 78] and Plaintiff's Corrected Motion to Amend Amended Complaint [DE 79].

SO ORDERED this 1st day of April, 2011.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record