# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| KEITH ELLER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:08-CV-307-PRC |
| | ) | |
| GARY COMMUNITY SCHOOL CORP., *et al.*, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Dismiss Counterclaim [DE 76], filed by Plaintiff Keith Eller on March 10, 2011. Defendants have not filed a response, and the time to do so has passed. For the reasons set forth in this Order, the Court grants in part and denies in part the Motion to Dismiss.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed his initial Complaint on December 31, 2008, and an Amended Complaint on January 11, 2010. In the Amended Complaint, Plaintiff alleges that he was demoted and "lost salary" without a pre- or post-deprivation hearing in violation of his federal constitutional rights of due process, equal protection, and freedom of speech. Plaintiff further alleges that the decision of the School Board to demote him was not conducted in an open, public forum in violation of Indiana law. On June 25, 2010, Defendants filed a Motion to Dismiss, which the Court granted in part and denied in part on September 14, 2010. On October 6, 2010, Defendants filed an Answer to the Amended Complaint and a two-count Counterclaim.

In Count I of the Counterclaim, the individual Defendants allege that, pursuant to Indiana Code § 34-13-3-5(e), Defendant Gary Community School Corporation must provide counsel and cover the legal costs for individual Defendants Deborah Crawford, Alex Wheeler, Jr., Darren Washington, Andrea Ledbetter, Michael Scott, and Nellie Moore. The individual Defendants ask

the Court to declare that "Counterlcaim Defendant Keith Eller must defend, indemnify, and hold harmless the Counter Claimant Plaintiffs individually, in this action, reimburse attorney fees, expenses, and costs and all other just and proper relief."

In Count II of the Counterclaim, Defendants allege that the Board Members had the discretion to choose the Coordinator of Security Services, that Plaintiff's claims against each Board Member individually are frivolous, that each individually named Defendant did not commit any acts that violated Plaintiff's constitutional rights or caused harm to Plaintiff, and that Plaintiff continues to pursue frivolous claims against each Board Member. The individual Defendants ask the Court to declare that "Counterclaim Defendant Keith Eller must defend, indemnify, and hold harmless the Counter Claimant Plaintiffs individually, in this action, reimburse attorney fees, expenses and costs and all other just and proper relief."

For purposes of this Motion to Dismiss, the Court takes as true the following facts alleged in Plaintiff's Amended Complaint and Defendants' Counterclaim. Plaintiff was a fourteen-year employee of the Gary Police Department. Plaintiff began his employment with the School Corporation in 1994 as a roving patrol officer, and, at all times relevant to this Complaint, Plaintiff was a full-time employee of the School Corporation. He was promoted to the position of Field Lead Security Officer for the day shift in 1999. In 2006, Plaintiff was promoted to Acting Coordinator of Security Services. In that position, the School Corporation provided him with a car, he supervised other employees, and he worked the entire calendar year with paid vacation, benefits, incentive pay, and overtime. This promotion was voted on and approved by the School Board.

In September 2007, Defendant Trustee Deborah Crawford called Plaintiff to ask him to hire her son as a security guard for the School Corporation and to consider her daughter-in-law for a full-time roving patrol position. At a public meeting of the Personnel/Labor Relations Committee of the

2

School Board in October 2007, Crawford asked Plaintiff why he had not hired her son. Plaintiff advised Crawford and the School Board that he could not hire Crawford's son because he did not have the requisite qualifications for the position.

In paragraph 11, Plaintiff alleges that, at a public meeting of the School Board on January 21, 2008, the Trustees "voted to remove him from his position as acting Coordinator of Security Services and demoted him to a lower level position as a security officer." Am. Compl., p. 4. Plaintiff appears to contradict this allegation in paragraph 14, in which he alleges that the "demotion of Plaintiff from Acting Coordinator of Security to security officer . . . was [not] voted on by the Board of Trustees of the Gary Community School Corporation." *Id.* Plaintiff was also demoted from his regular position as Field Lead Security Officer for day shift, and Plaintiff alleges that this demotion was not voted on by the Trustees.

At the time the vote was taken, neither the demotion from Acting Coordinator of Security to security officer or the demotion from Field Lead Security Officer for day shift to security officer was on the agenda of any meeting of the School Corporation or the School Board nor was either action taken at the recommendation of the Superintendent of Schools.

The School Board did not afford Plaintiff a pre-deprivation hearing before demoting him from either position. The School Board also did not afford Plaintiff with a name-clearing post-deprivation hearing after the demotions.

As a result of the demotion to the position of security officer, Plaintiff no longer supervises other employees, his wages have been significantly reduced, his work hours have been reduced, he is subject to being laid off over the summer, he has lost the use of the School Corporation car, and he is being supervised by employees he once supervised.

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## ANALYSIS

Plaintiff moves for dismissal of Defendants' Counterclaims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Court considers each basis for dismissal in turn.

### A. Rule 12(b)(1) - Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides that a party may assert the defense of lack of subject matter jurisdiction by motion.[1] On such a motion, the Court "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in [counterclaimant's] favor." *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008) (citations omitted). Regardless of whether the counterclaim is permissive or compulsory, the Court must apply 28 U.S.C. § 1367 when determining whether it has jurisdiction over a state law counterclaim. *See Channell v. Citicorp Nat'l Servs.*, 89 F.3d 379, 385-86 (7th Cir. 1995). In this case, the Court has federal question jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's cause of action brought pursuant to 42 U.S.C. § 1983 to redress deprivations of federal constitutional rights committed under the color of state law. Therefore, the Court turns to § 1367(a), which provides that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

---

[1] The Court notes that Plaintiff has not filed an Answer to the Counterclaim.

4

Plaintiff argues that the Counterclaim does not derive from or arise out of a common nucleus of operative facts because Plaintiff's Complaint claims constitutional rights violations arising from Defendants removing Plaintiff from his security officer positions and the Counterclaim does not contain allegations related to those claims. The Court finds that it has supplemental jurisdiction over Defendants' state law Counterclaims because they are directly related to the claims in this action brought by Plaintiff, specifically that Defendants are entitled to attorney fees because Plaintiff brought this cause of action.

Without citation to law, Plaintiff also reasons that the Counterclaim is based on speculation that Defendants will prevail in this action and, therefore, is not ripe. However, Count II of the Counterclaim appears to be a state law claim for attorney fees for frivolous litigation (presumably under Indiana Code § 34-52-1-1) for Plaintiff having filed this litigation, which may be raised in a Counterclaim. *See, e.g.*, *Barrett v. Grow*, 1:07-CV-486, 2009 WL 2709301, at * 1 (S.D. Ind. Aug. 24, 2009); *Behning v. Roembke Mfg. & Design, Inc.*, 1:08-CV-71, 2009 WL 1952351, at * 1 (N.D. Ind. July 6, 2009); *MAS Capital, Inc. v. Biodelivery Sciences Int'l., Inc.*, 3:04-CV-92, 2006 WL 2472744, at * 1 (S.D. Ind. Aug. 25, 2006).

The Court denies the motion to dismiss pursuant to Rule 12(b)(1).

**B. Rule 12(b)(6) - Failure to State a Claim**

Plaintiff also seeks dismissal of the Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6), which tests the sufficiency of the pleading and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the counterclaimant and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the counterclaim must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Second, the "[counterclaim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "[counterclaimant's] obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 129 S. Ct. at 1949-50; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a counterclaim states a plausible claim for relief requires the Court to draw on judicial experience and common sense. *Iqbal*, 129 S. Ct. at 1950.

Plaintiff first argues that the Counterclaim runs afoul of Federal Rule of Civil Procedure 8 and should be dismissed on that basis alone. Plaintiff also reasons that Defendants' Counterclaim does not state facts from which a reasonable fact-finder could find that Defendants are entitled to relief.

In Count I of the Counterclaim, Defendants invoke Indiana Code § 34-13-3-5(e) to allege that Plaintiff should "defend, indemnify, and hold harmless the Counter Claimant Plaintiffs individually." Answer, p. 21. However, section 34-13-3-5(e) provides that "[t]he *governmental* entity shall provide counsel for and pay all costs and fees incurred by or on behalf of an employee in defense of a claim or suit for a loss occurring because of acts or omissions within the scope of the

employee's employment, regardless of whether the employee can or cannot be held personally liable for the loss." Ind. Code § 34-13-3-5(e) (emphasis added). Therefore, this code section is only applicable to the governmental entity that employed the individual defendants and not to the plaintiff who brought the suit. Therefore, Count I of the Counterclaim fails to state a claim as a matter of law, and the Motion to Dismiss is granted as to Count I.

In Count II of the Counterclaim, Defendants allege that Plaintiff continues to pursue this cause of action against the individual defendants in their individual capacities even though the claims are frivolous, a claim which appears to be brought under Indiana Code § 34-52-1-1. Indiana Code § 34-52-1-1 provides an exception to the general rule that each party pays its own attorney fees:

> In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:
> (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
> (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
> (3) litigated the action in bad faith.

Ind. Code § 34-52-1-1(b). A claim is "frivolous" for purposes of § 34-52-1-1

> (a) if it is taken primarily for the purpose of harassing or maliciously injuring a person, or (b) if the lawyer is unable to make a good faith and rational argument on the merits of the action, or (c) if the lawyer is unable to support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law.

*Kopka, Landau & Pinkus v. Hansen*, 874 N.E.2d 1065, 1074 (Ind. Ct. App. 2007) (quoting *Kahn v. Cundiff*, 533 N.E.2d 164, 170 (Ind. Ct. App. 1989), *summarily aff'd by* 543 N.E.2d 627 (Ind. 1989)).

In Count II, Defendants specifically allege in paragraphs 4-10 that each of the individual defendants by name did not commit any acts that violated Plaintiff's constitutional rights or caused him harm and alleges in paragraph 11 that Plaintiff nevertheless continues to pursue these claims

against the individual defendants. Taking these allegations as true, Defendants have stated a plausible cause of action under section 34-52-1-1 for a frivolous claim, specifically that counsel for Plaintiff "is unable to make a good faith and rational argument on the merits of the action." Accordingly, Defendants have stated a claim in Count II of the Counterclaim, and the Court denies the Motion to Dismiss as to Count II of the Counterclaim.

## CONCLUSION

Based on the foregoing, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion to Dismiss Counterclaim [DE 76].

The Court **ORDERS** that Count I of Defendants' Counterclaim [DE 68] is **DISMISSED** but that Count II of the Counterclaim [DE 68] **REMAINS PENDING**.

SO ORDERED this 4th day of April, 2011.

        s/ Paul R. Cherry
        MAGISTRATE JUDGE PAUL R. CHERRY
        UNITED STATES DISTRICT COURT

cc:    All counsel of record