# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| KEITH ELLER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:08-CV-307-PRC |
| | ) | |
| GARY COMMUNITY SCHOOL CORP., *et al.*, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Summary Judgment [DE 73], filed by Defendants Gary Community School Corporation ("School Corporation"); the Board of Trustees of the Gary Community School Corporation ("School Board"); and Jesse Morris, Deborah Crawford, Alex Wheeler, Jr., Darren Washington, Andrea Ledbetter, Michael Scott, and Nellie Moore, each individually (collectively the "Trustees") on March 10, 2011. Also before the Court is Defendants' Motion to Strike Plaintiff's Corrected Affidavit/Response of Keith Eller [DE 92], filed on June 3, 2011. For the reasons set forth in this Order, the Court grants in part and denies in part the motion to strike and grants the motion for summary judgment.

## PROCEDURAL BACKGROUND

Plaintiff filed his initial Complaint with this Court on December 31, 2008, and an Amended Complaint on January 11, 2010. In the Amended Complaint, Plaintiff alleged that he was demoted and "lost salary" without a pre- or post-deprivation hearing in violation of his federal constitutional rights of due process, equal protection, and freedom of speech and brought suit under 42 U.S.C. § 1983. Plaintiff further alleged that the decision of the School Board to demote him was not conducted in an open, public forum in violation of Indiana law. These claims were brought against

the School Corporation, the School Board, and the seven Trustees, individually and in their official capacities.

On June 25, 2010, Defendants filed a Motion to Dismiss Plaintiff's Complaint. On September 15, 2010, the Court granted in part and denied in part Defendants' Motion to Dismiss, dismissing all claims against the Trustees in their official capacities, the claim of deprivation of property interest in violation of the due process clause of the Fourteenth Amendment in the First Claim of the Amended Complaint, and the Indiana state law claims. The Court denied the Motion to Dismiss the federal § 1983 claims against the Trustees individually, the School Corporation, and the School for deprivations of free speech, equal protection rights, and a liberty interest in violation of due process guarantees.

Defendants filed an Answer to the Amended Complaint and a Counterclaim on October 6, 2010. On March 10, 2011, Defendants filed the instant Motion for Summary Judgment on all remaining claims, a memorandum in support, and an evidentiary submission. Plaintiff filed his Response in Opposition on May 19, 2011, including an Affidavit supporting the Response entitled "Plaintiff's Corrected Affidavit/Response of Keith Eller."[1] Defendants did not file a reply in support but did file a Motion to Strike Plaintiff's Affidavit on June 3, 2011. Plaintiff did not file a timely response to the Motion to Strike. On July 1, 2011, Plaintiff filed a belated Motion for Extension of Time to file a response brief, which the Court denied on July 5, 2011.

Plaintiff filed a Motion to Dismiss Defendants' Counterclaim on March 10, 2011. On April 4, 2011, the Court dismissed Count I of Defendants' Counterclaim, leaving Count II pending.

---

[1] Pursuant to an extension granted by the Court, Plaintiff initially filed his response brief and supporting documentation on May 16, 2011; however, the Clerk of the Court directed that the document be re-filed due to lack of signature.

2

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**MOTION TO STRIKE**

Pending before the Court is Defendants' "Motion to Strike Plaintiff's 'Corrected Affidavit/Response of Keith Eller.'" Defendants assert that, because the Affidavit does not include a statement that the information contained therein is made on personal knowledge, the Affidavit should be stricken. Def. Mot., p. 3. Defendants rely on Federal Rule of Civil Procedure 56(c)(4)[2] and Federal Rule of Evidence 602 to specifically argue that statements in paragraphs 2-15 and 19-25 of Plaintiff's "Corrected Affidavit/Response of Keith Eller" are outside of Plaintiff's personal knowledge and thus improperly included in the Affidavit.

Rule 56(c)(4), governing the procedure of summary judgment, provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on matters stated." Fed. R. Civ. P. 56(c)(4). In ruling on a motion for summary judgment, a court must only consider those portions of an affidavit that comply with Rule 56. *Cooper-Schut v. Visteon Auto. Sys.*, 361 F.3d 421, 429 (7th Cir. 2004). To comply with Rule 56, personal knowledge must be grounded in "observations and other first-hand experience." *Visser v. Packer Eng'g Assocs., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). Federal Rule of Evidence 602 provides in pertinent part: "A

---

[2] Defendants' Motion to Strike improperly cites to former Federal Rule of Civil Procedure 56(e); the cited information is now found in Federal Rule 56(c)(4) following the 2009 amendment to Rule 56. Also, Defendants directly quote from *Moore v. Ashland, Inc.*, No. IP 99-1173-C-T/G, 2000 WL 1672747, at *1 (N.D. Ind. Oct. 20, 2000), on pages 2-3 of the Motion to Strike without attributing the text to the case with a proper citation.

3

witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony." Fed. R. Evid. 602.

The information contained in paragraphs 2-4, 8-12, 14, and 23-24 are all within the scope of Plaintiff's personal knowledge. Based on the content of the statements, Plaintiff either observed or witnessed first-hand the information contained in each of these paragraphs. In Paragraph 13, Plaintiff accurately summarizes a 2007 letter from Defendant Crawford to Superintendent Mary Steele-Agee. Plaintiff has attached the letter to his Affidavit, and Defendants have not contested the letter's admissibility. Therefore, the Court denies the motion as to paragraphs 2-4, 8-14, and 23-24 of Plaintiff's Affidavit.

Paragraphs 5, 19, and 21, in part, are outside of Plaintiff's personal knowledge. Paragraph 5 provides: "Plaintiff applied and interviewed, along with others, for the position of Acting Supervisor of Security Services." Pl. Aff. ¶ 5. While Plaintiff has first-hand knowledge of his own actions of applying and interviewing, Plaintiff does not state that he has personal knowledge of the actions of others. Therefore, the words "along with others" are stricken. Paragraph 19 provides: "Willie Stewart took over as Acting Supervisor of Security Services on 1/23/08, and proceeded to demote Plaintiff to a lower level position as a security officer." While Plaintiff has personal knowledge that Stewart demoted him, he does not state that he has personal knowledge based on personal observation or first-hand experience of Stewart taking over the position. Therefore, the words "took over as Acting Supervisor of Security Services on 1/23/08, and" are stricken. Finally Paragraph 21 provides: "Stewart also demoted Plaintiff from his regular position as Field Lead Security Officer for day shift, and the Minutes reveal that this demotion was not voted on by the

4

Trustees." Plaintiff draws inferences from the Board 1/22/08 Meeting Minutes to conclude that his demotion was not voted on by the Board, yet, in paragraph 17 of his Affidavit, Plaintiff states that he "was not present at said meeting." Pl. Aff. ¶ 17. Thus, he cannot draw inferences from the meeting minutes, and the words "and the Minutes reveal that this demotion was not voted on by the Trustees" are stricken. Therefore, the Court grants the motion in part and strikes paragraphs 15, 19, and 21 of Plaintiff's "Corrected Affidavit/Response of Keith Eller" to the extent indicated. Nevertheless, the Meeting Minutes relied on by Plaintiff in support of his Affidavit, which have been offered into evidence without objection, will be considered by the Court in support of Plaintiff's opposition to summary judgment.

The statements made in paragraphs 6, 7, 15, 20, 22, and 25 of Plaintiff's Affidavit are, on their face, outside the personal knowledge of Plaintiff. These paragraphs describe actions taken by other individuals or entities that would be outside of Plaintiff's personal knowledge absent a statement from Plaintiff to the contrary. In Paragraphs 6 and 7, Plaintiff attests to internal actions taken by the Human Resources Department, the School Board President, and the Board Superintendent regarding Plaintiff receiving a promotion in 2006. Similarly, paragraphs 15 and 22 detail actions taken by the School Board and Crawford at a meeting at which Plaintiff was not in attendance. Paragraph 20 draws inferences from published Board Minutes about what the Board did not vote on; however, Plaintiff was not present at that Board Meeting. Finally, paragraph 25 discusses employment actions taken by Willie Stewart as to other individuals, and Plaintiff offers no evidence of observation or first-hand knowledge of the actions. Therefore, the Court grants Defendants' Motion to Strike paragraphs 6, 7, 15, 20, 22, and 25 of Plaintiff's "Corrected

Affidavit/Response of Keith Eller." Nevertheless, the Court will consider the minutes of the January 22, 2008 Board Meeting, which have been submitted as evidence by Plaintiff without objection.

Accordingly, the Court grants in part and denies in part Defendants' Motion to Strike, striking paragraphs 6, 7, 15, 20, 22, and 25 in their entirety and striking in part paragraphs 5, 19, and 21.

## MOTION FOR SUMMARY JUDGMENT

In the Motion for Summary Judgment, Defendants move for judgment in their favor on Plaintiff's remaining claims brought under 42 U.S.C. § 1983 for violations of his rights to equal protection, procedural due process, and free speech.

### A. Summary Judgment Standard

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-111 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e)(2); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and

supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

### B. Factual Background

Plaintiff Keith Eller served as the Field Lead Security Officer for the day shift for the School Corporation between 1999 and 2006, which made him second in command of security. Plaintiff was assigned a School Corporation car. During this time, Charles Haney was head of security as Coordinator of Security Services for the School Corporation. In June 2006, Haney's contract was not renewed by the School Board. Plaintiff then assumed the position of Acting Coordinator of Security Services. Plaintiff testified that he formally applied and interviewed for the position, although Defendant Trustee Crawford testified that she did not remember him applying for the position. Crawford stated that, when the vacancy arose, Board Superintendent Mary Steele-Agee

8

placed Plaintiff in the position because she "just wanted to put him in there." Def. Br., Ex. 4, pp. 122.

In September 2007, Crawford called Plaintiff and requested that he hire her son as a security guard and that he consider her daughter-in-law for a full-time roving patrol position.

Crawford wrote a letter to Superintendent Mary Steele-Agee dated October 11, 2007, expressing the School Board's dissatisfaction with Plaintiff continuing as the Acting Supervisor of Security Service, reminding Steele-Agee that Steele-Agee's initial recommendation of Plaintiff for the position in February 2006 had been rejected by the School Board, informing Steele-Agee that she was being insubordinate by failing to remove Plaintiff from the position, giving Steele-Agee until the next Personnel Labor Relations Committee meeting on October 17, 2007, to remove Plaintiff from the position, and threatening that continued insubordination may lead to the termination of Steele-Agee's contract.

In October 2007, at the public meeting of the Personnel Labor Relations Committee of the School Board, Crawford asked Plaintiff why he did not hire her son, reminded Plaintiff that she had told him to hire her son, and asked why they should keep employing Plaintiff. Plaintiff responded that her son did not have the requisite qualifications for the position. Plaintiff stated in his Affidavit that Crawford appeared angry, hostile, and upset following this exchange.

At a meeting of the School Board of Trustees on January 22, 2008, Crawford moved to make Willie Stewart the Acting Coordinator of Security Services, and the Board approved the motion by a vote of 4-1. The appointment was to be effective January 23, 2008, at 7:00 a.m. Plaintiff was not present at this meeting.

After taking over as Acting Coordinator of Security Services, Stewart demoted Plaintiff to the position of security officer, and Plaintiff had to return the School Corporation car.

### C. Analysis

Defendants seek summary judgment on Plaintiff's remaining claims for violations of his rights to equal protection, procedural due process, and free speech, all of which are brought pursuant to 42 U.S.C. § 1983. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. The two key elements of a § 1983 claim are "(1) a deprivation of a federally guaranteed right, (2) perpetrated under color of state law." *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004).

In response to the motion, Plaintiff first raises several alleged procedural deficiencies with Defendants' motion and brief, which the Court addresses in Part 3 below. Plaintiff then dedicates only one paragraph to the merits of Defendants' motion, which is entitled "Defendants' 'Material Facts' Do Not Justify Summary Judgment" and which provides, in its entirety: "Defendants[sic] 'Material Facts,' by themselves do not entitle them to summary judgment. Plaintiff's Genuine Material Facts rebut what Defendants allege. Thus, Defendants' facts are jot[sic] undisputed. This precludes a summary judgment for Defendants." Pl. Resp., p. 7.

The Court addresses each remaining claim in turn.

*1. Count 1 - 14th Amendment Rights to Equal Protection and Procedural Due Process (Liberty Interest)*

    a. Equal Protection

In his Amended Complaint, Plaintiff alleges that he has "an entitlement to the position from which he was demoted creating a . . . liberty interest in his position . . . protected by equal protection guarantees." Am. Compl., p. 5. In the instant motion, Defendants argue that Plaintiff was not denied equal protection because he assumed the duties of Acting Supervisor of Security Services when a vacancy occurred and because Plaintiff was an at-will employee who "served at the will of the school corporation." Def. Br., p. 5. In his response brief, Plaintiff offers no law, argument, or analysis and designates no evidence in support of his equal protection claim.

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV. Equal Protection traditionally is understood to protect vulnerable groups from unequal treatment by the state. *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 941 (7th Cir. 2010). On summary judgment, a plaintiff can prevail on an equal protection claim by offering direct or indirect evidence. *Williams v. Seniff*, 342 F.3d 774, 788 (7th Cir. 2003). Plaintiff has offered no direct evidence of discriminatory intent. Under the indirect, burden-shifting method established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a plaintiff must first establish a prima facie case of an equal protection violation by demonstrating that "(1) he is a member of a protected class, (2) he is similarly situated to members of the unprotected class, (3) he suffered an adverse employment action, and (4) he was treated differently from members of the protected class." *Williams*, 342 F.3d at 788. Plaintiff in this case has not identified any protected class of which he

is a member, and, thus, he cannot make out a prima facie claim of an equal protection violation under this method.

Individuals who are not part of a protected class can nevertheless be denied equal protection through "state action that irrationally singles out and targets an individual for discriminatory treatment as a so-called 'class of one.'" *LaBella Winnetka*, 628 F.3d at 942 (citing *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). However, the Supreme Court has held that "the class-of-one theory of equal protection does not apply in the public employment context." *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 594 (2008). As a public employee, Plaintiff is foreclosed from bringing a "class of one" equal protection claim.

Accordingly, the Court grants the Defendants' Motion for Summary Judgment on Plaintiff's equal protection claim.

### b. Procedural Due Process - Liberty Interest

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. Amend. XIV. Procedural due process analysis requires first that the court determine if "there exists a 'life, liberty, or property' interest protectable under the Fourteenth Amendment with which the state has interfered." *Colon v. Schneider*, 899 F.2d 660, 666 (7th Cir. 1990). After finding a deprivation of such an interest, the court's second step is to determine if the "entity responsible for the alleged deprivation instituted constitutionally sufficient procedural protections." *Id.* (citing *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 461 (1989)); *see also Leavell v. Illinois Dep't of Nat. Res.*, 600 F.3d 798, 804-05 (7th Cir. 2010).

In his Amended Complaint, Plaintiff's only apparent assertion of a liberty interest is the bare allegation in paragraph 1 of the First Claim that he "has an entitlement to the position from which he was demoted creating a property and liberty interest in his position." Am. Compl., p. 5. Plaintiff also alleges violations of his procedural due process rights in the Second Claim when he was "denied the opportunity to be heard regarding his demotion in post-deprivation hearing" and was "denied the opportunity to be heard and publicly defend his record prior to his demotion in a pre-deprivation hearing." Am. Compl., p. 6. In seeking summary judgment, Defendants assert that Plaintiff is an at-will employee with no liberty interest in his employment. As noted previously, Plaintiff has offered no argument in support of his substantive claims and, thus, has not detailed for the Court the nature of the liberty interest asserted. Because this case is brought in the employment context, the Court interprets the claim as one for a deprivation of occupational liberty.

Occupational liberty is an interest guaranteed by the Fourteenth Amendment which "has long included the right to follow a trade, profession, or other calling." *Lawson v. Sheriff of Tippecanoe Cnty., Ind.*, 725 F.2d 1136, 1138 (7th Cir. 1984). "[C]ourts have found a deprivation of liberty when the employee was fired for a publicly announced reason that impugned his moral character." *Id.* (citing cases). An employee alleging a violation of occupational liberty must show "1) he was stigmatized by the defendant's conduct, 2) the stigmatizing information was publicly disclosed and 3) he suffered a tangible loss of other employment opportunities as a result of public disclosure." *Townsend v. Vallas*, 256 F.3d 661, 669-70 (7th Cir. 2001). An employee must show that his "good name, reputation, honor, or integrity" were called into question in such a way that forecloses employment in the chosen field. *Id.* at 670.

13

First, there is no evidence in this case of public disclosure of stigmatizing information about Plaintiff. Plaintiff has not identified any evidence, much less alleged, that Defendants called into question Plaintiff's name, reputation, honor, or integrity in any way. Second, Plaintiff was not terminated from his job; rather, it is undisputed that Plaintiff was demoted to a lesser position in the same profession. He continues to work for the Gary School Corporation in the security field and has not been excluded from this occupation. The Seventh Circuit has recognized that "an employer cannot avoid liability by offering the employee a job far beneath the one he had," such as a demotion so severe that it effectively precludes the employee from practicing his trade. *Lawson*, 725 F.2d at 1139. However, Plaintiff does not make this argument and offers no evidence that the job he held upon his demotion was "far beneath" the position from which he was demoted or excluded him from his chosen occupation. Therefore, Plaintiff's demotion does not constitute a deprivation of occupational liberty.

Accordingly, the Court grants Defendants' Motion for Summary Judgment on Plaintiff's liberty interest due process claim.

2. *Count II - 1st Amendment Free Speech*

In the Second Claim of his Amended Complaint, Plaintiff alleges that "Defendant's[sic] actions in demoting Plaintiff have violated his rights to free speech contrary to the guarantees of the First, Fifth and Fourteenth Amendments to the Constitution of the United States" and that "Defendant[sic] violated [his] First Amendment rights by demoting him for his refusal to promote Defendant Trustee Crawford's son and daughter-in-law." *Id*. Although Plaintiff alleges that his First Amendment rights have been violated, he never identifies the particular speech that allegedly led to his demotion. From the admissible facts presented by the parties, the Court identifies the

speech in question to be the statement made by Plaintiff at the October 2007 public meeting of the Labor Relations Committee of the School Board that Crawford's son was not qualified for the position that Crawford sought for him. Thus, it appears that Plaintiff is asserting a First Amendment claim of retaliation based on Plaintiff's demotion for making statements about Crawford's son.

A public employee claiming retaliation must offer evidence that: (1) his speech was constitutionally protected, (2) he has suffered a deprivation because of the employer's action, and (3) but for the protected speech, his employer would not have taken the same action. *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 604 F.3d 490, 501 (7th Cir. 2010) (citing *Gunville v. Walker*, 583 F.3d 979, 983 (7th Cir. 2009); *Fairley v. Andrews*, 578 F.3d 518, 525-26 (7th Cir. 2009)). The Supreme Court, considering whether public employee speech is protected, has held that, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006).

Viewing the facts in the light most favorable to Plaintiff, as the Acting Coordinator of Security Services, Plaintiff was in charge of hiring; Crawford asked him to hire certain individuals. It is undisputed that Plaintiff was acting in his role as Acting Coordinator of Security Services when he made the statements about Crawford's son's qualifications at the October 2007 meeting. Therefore, Plaintiff was acting pursuant to his official duties when speaking about the qualifications of a potential employee. Because Plaintiff was a public employee acting within his duties, he was not engaging in constitutionally protected speech when he made the statements. Therefore, his claim for retaliation cannot survive, and the Court grants Defendants' Motion for Summary Judgment on Plaintiff's free speech claim.

*3. Procedural Arguments Raised by Plaintiff in Response Brief*

As noted earlier, Plaintiff asserts several procedural flaws in Defendants' Motion for Summary Judgment, asking the Court to deny the motion on these grounds. First, Plaintiff argues that Defendants erroneously rely on Federal Rule of Civil Procedure 12(b)(6) as a ground for their Motion for Summary Judgment. Plaintiff is correct. Because Defendants have answered the Amended Complaint, dismissal pursuant to Rule 12(b)(6) is foreclosed and that standard has no place in the instant Motion for Summary Judgment. However, Defendants *also* cite the proper standard for summary judgment under Federal Rule of Civil Procedure 56. Therefore, the inclusion of the Rule 12(b)(6) standard is harmless.

Plaintiff also relies on various provisions of Northern District of Indiana Local Rules 7.1 and 56.1 and Federal Rule of Civil Procedure 56 to argue that Defendants' Motion for Summary Judgment is defective and that arguments have been waived. Defendants did not violate Local Rule 7.1 because they did file a separate brief in support of the motion. Defendants did not violate Rule 56 or Local Rule 56.1 because they properly identified evidence in support of their arguments. To the extent that any documents cited by Defendants were not included in their designation of evidence, the Court did not consider any facts supported by the missing documents if not also supported by other evidence of record. Defendants' Motion for Summary Judgment is not frivolous, no issues have been waived, so Plaintiff's request for fees and costs is denied.

## CONCLUSION

For all of these reasons, the Court hereby **GRANTS in part and DENIES in part** Defendants' Motion to Strike [DE 92] and **GRANTS** Defendants' Motion for Summary Judgment

[DE 73]. All remaining claims in Plaintiff's Amended Complaint, including those against the Trustees in their individual capacities, are adjudged in Defendants' favor.

Count II of the Counterclaim **REMAINS PENDING**. The Court **REAFFIRMS** the October 14, 2011 pretrial conference and the November 14, 2011 trial setting.

The Court **ORDERS** Counterclaimants Gary Community School Corporation, the Board of Trustees of the Gary Community School Corporation, Jesse Morris, Deborah Crawford, Alex Wheeler, Jr., Darren Washington, Andrea Ledbetter, Michael Scott, and Nellie Moore to **FILE** a status report on the pending Counterclaim on or before **August 15, 2011**.

SO ORDERED this 21st day of July, 2011.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record